## George A. Weaver, Appellant, v. Enrico V. Gaskins, Appellee.

1. BROKERS—*recovery of commission.* Whether plaintiff was engaged to negotiate the sale of a property, subject to, or free from leases presents a question of fact for the jury.

2. APPEALS AND ERRORS—*verdict, when conclusive.* Unless the Appellate Court finds from the record that a verdict is so manifestly against the weight of the evidence as to require a reversal, the verdict is conclusive.

Appeal from the Circuit Court of Bond county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 10, 1913.

CICERO J. LINDLY and C. E. DAVIDSON, for appellant.

C. E. HOILES and ALBERT & MATHENY, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

This was a suit in *assumpsit* brought by appellant against appellee to recover commissions on a sale of real estate. Judgment was rendered against the plaintiff for costs and he prosecutes his appeal.

The declaration consists of two special counts and the common counts; the special counts each allege, in substance, a contract upon the part of appellee to pay the appellant $500 for services rendered as a real estate broker.

The errors complained of by counsel are, the court's admission of testimony as shown in the record; but no particular testimony introduced is pointed out by counsel in their brief as having been erroneously admitted, and upon an examination of the abstract we are not able to perceive any error in this respect. It is also said that the court erred in refusing plaintiff's instructions and in giving others for the defendant. The in-

structions, however, are not contained in the abstract and this question is not argued and cannot be considered by this court. The only error assigned and argued is that the court erred in overruling plaintiff's motion for a new trial.

The evidence in this case discloses that the appellee was the owner of certain real estate in Greenville that was occupied by E. E. Wise, W. D. Donnell and John Adams under leases made to them respectively by the appellee for a period of ten years, which had not yet expired, and contained a clause for a renewal of such leases; and contained the further clause, "In case the said party of the first part wishes to sell or convey the premises herein listed during the period of this lease, or any renewal of the same, that he shall give said party of the second part the first opportunity or privilege of purchasing the same at the price for which he, the said party of the first part, can actually sell said premises." The appellant in a conversation with Mr. Bradford, a banker at Greenville, ascertained that he wished to buy this property and would give $8,000 for it. Appellant who was a real estate broker then called upon the appellee and told him that he could sell this property and that he believed he could get $8,000 for it, and claims that appellee told him that if he would sell the property or procure a purchaser for the property for $8,000 he would give him a commission of $500. This is denied by appellee and appellee says that he told the appellant if he would sell this property subject to the leases above mentioned for $8,000 that he would give him $500 but denies offering to sell the property at all except subject to the leases. When it came to the knowledge of Bradford that appellee would not make a deed, except subject to the leases, he refused to buy the property and said he would not buy it except he obtained a clear title to it. A few months after this appellee sold the property in question to the respective tenants under the option contained in the leases and obtained from them a total of about $8,000

for the property, but appellee and the tenants all deny that the appellant had anything to do with or in any manner induced the sale of this property.

We think the controlling question in this case is, what was the contract between appellant and appellee? If appellee agreed to give appellant $500 to sell this property without reference to the leases or without being subject to the leases, and appellant procured a purchaser ready, willing and able to buy, then appellee would under the law be liable. This contract, however, is squarely denied by appellee and it is claimed by him that the only authority given appellant to sell the real estate was to sell it subject to these leases; a sale was not made and could not be made in this manner and the only way Bradford would buy it would be to purchase it with the leases cancelled. There is some slight evidence in this record that tends to corroborate both appellant and appellee but it is so slight that we think the whole question rests upon the contract as made between appellant and appellee, to which there were no witnesses, and resulted practically in a question of veracity between appellant and appellee and was purely and properly a question to be determined by the jury. The jury saw the witnesses upon the stand, observed their demeanor and conduct and was better calculated to determine who was telling the truth about this matter than any one else. Under the law the verdict of the jury in cases of this kind is conclusive of the rights of the parties, unless the Appellate Court can say from the record that such verdict was manifestly against the weight of the evidence and we are not able to say from this record that such verdict is so manifestly against the weight as to require a reversal of the case. The only question submitted upon this appeal being one of fact it is the opinion of this court that the judgment of the lower court should be affirmed, and such judgment is affirmed.

*Judgment affirmed.*